# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KEVIN VIGIL,

Plaintiff,

v.

Gerald Decoration,

Defendant.

Case No.: 1:26-cv-12159

Judge LaShonda A. Hunt

Magistrate Judge Young B. Kim

Deleted: THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"…

Deleted: s

**AMENDED COMPLAINT**

Plaintiff, KEVIN VIGIL ("Vigil" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of "Gerald Decoration" ("Defendant"), and for Plaintiff's Amended Complaint[1] hereby alleges as follows:

Deleted: the Partnerships and Unincorporated Associations

Deleted: identified on Amended Schedule A attached hereto …collectively, ... [1]

Deleted: collectively,

Deleted: s

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet store operating under the Defendant alias and/or the online marketplace account (the "Defendant Internet Store"). Venue is proper in any district in which Defendant resides or may be found which includes any district in which it would be subject to personal jurisdiction. See 28

Deleted: s

Deleted: each of

Deleted: s

Deleted: s

Deleted: es

Deleted: s identified in Amended Schedule A attached hereto…

Deleted: collectively,

Deleted: s

[1] A redline version of this Amended Complaint is attached as **Exhibit 2.**

Formatted

U.S.C. § 1391(b)(3). On information and belief, Defendant is not a resident of the United States, which means that it may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## INTRODUCTION

3. Plaintiff, Kevin Vigil, is the owner of the federal copyright registration that protects the creative content of Plaintiff's illustration. Plaintiff is a painter and visual artist whose work is inspired by graffiti, tattoo art, and the vibrant culture of American cities.

4. Plaintiff is the owner of United States Copyright Registration No. VA 2-467-235 (the "Kevin Vigil Work") and the registration is attached hereto as **Exhibit 1**. Upon information and belief, the copyright has an effective date that predates the Defendant's acts of copyright infringement.

5. Defendant is an individual or business entity who, upon information and belief, resides in a foreign jurisdiction. Defendant operates at least one e-commerce store under the Defendant Internet Store and/or other aliases. Defendant conducts business in the United States and has offered for sale and sold products to United States consumers, including in Illinois and this judicial district. *See* **Exhibit 3**.

6. Plaintiff is forced to file this action to combat Defendant's piracy of the Kevin Vigil Work. Plaintiff has been and continues to be irreparably damaged through loss of control over the creative content of the valuable copyright, reputation, goodwill, the quality and ability to license as a result of Defendant's actions and seeks injunctive and monetary relief.

## THE PLAINTIFF

7. Plaintiff, KEVIN VIGIL, is the owner of the Copyright Registration that protects the creative content of the Kevin Vigil Work. Plaintiff is a painter and visual artist whose work is inspired by graffiti, tattoo art, and the vibrant culture of American cities. Plaintiff creates paintings



**Deleted:** Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products bearing infringing versions of Plaintiff's copyrighted works. Each of the Defendants has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products bearing infringing versions of Plaintiff's federally registered copyrighted works to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. Additionally, Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendants because the claims asserted herein arise under federal copyright law, Defendants would not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws

**Deleted:** s

**Deleted:** s

**Deleted:** <#>This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill, and valuable copyrights by selling and/or offering for sale products in connection with Plaintiff's illustrations. In addition, the Defendants are selling unauthorized products that are based on and der ... [2]

**Deleted:** <#>s

**Deleted:** <#>VA 2-467-111; VA 2-467-229; VA 2-467-205; VA 2-467-223; VA 2-467-133;

**Deleted:** <#>; and VA 2-467-209

**Deleted:** <#>s

**Deleted:** <#>s

**Deleted:** <#>are

**Deleted:** <#>s

**Deleted:** <#>ve

**Deleted:** <#>s

**Deleted:** <#>'

**Deleted:** identified on Amended Schedule A

**Deleted:** In an effort to illegally profit from the creative content of the Kevin Vigil Works, Defendants have cre ... [3]

**Deleted:** The Defendant Internet Stores share unique identifiers, such as design elements and similarities of ( ... [4]

**Deleted:** '

**Deleted:** s

**Deleted:** s

**Deleted:** '

**Deleted:** s

**Deleted:** s

that blend elements of surrealism and abstract expressionism, using bold color, black-and-white contrast, and symbolic imagery. Plaintiff's goal is to create art that people can relate to and that brings individuals together through shared human experiences. His work has been exhibited in galleries, major art events such as Art Basel, and widely showcased through partnerships, reaching audiences around the world. Information about the Kevin Vigil Work is provided in the following table:

| **Registration No.** | **Effective Date of Registration** | **Title of Work** | **Design** |
|---|---|---|---|
| VA 2-467-235 | June 19, 2025 | Majestic Pride |  |

8. Vigil has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Kevin Vigil Work. As a result, products associated with the Kevin Vigil Work are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Plaintiff (the "Kevin Vigil Products").

**Formatted:** Font:

**Formatted:** Font:

**Formatted:** Indent: Left: 0.5", No bullets or numbering

**Deleted:** s

**Deleted:** s




CHASE YOUR DREAMS STICKER
FROM $5.00 SOLD OUT




VISIONARY STICKER
FROM $5.00




MIND OF A MADMAN STICKER
FROM $5.00 SOLD OUT




LOST LOVE STICKER
FROM $5.00

https://www.kre8artafax.com/collections/merch

9. Plaintiff is the owner of the United States Copyright Registration that covers the Kevin Vigil Work. The Registration is valid, subsisting, and in full force and effect. A true and correct copy of the registration certificate for the Kevin Vigil Work is attached hereto as **<u>Exhibit 1</u>**.

10. In an effort to illegally profit from the creative content of the Kevin Vigil Work, Defendant has created the Defendant Internet Store and designed it to appear to be selling authorized Kevin Vigil Products. Upon information and belief, Defendant facilitates sales by designing the Defendant Internet Store so that it appears to unknowing consumers to be an authorized online retailer, outlet store, or wholesaler selling genuine Kevin Vigil Products.

11. Plaintiff has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the Kevin Vigil Work.

12. The success of the Kevin Vigil Work is due in large part to Plaintiff's marketing, promotional, and distribution efforts.

**Formatted:** Font: Times New Roman
**Deleted:** s
**Deleted:** s
**Deleted:** s
**Deleted:** are
**Deleted:** T
**Deleted:** ies
**Deleted:** s
**Deleted:** s
**Deleted:** are
**Deleted:** s
**Deleted:** s
**Deleted:** ve
**Deleted:** numerous
**Deleted:** s
**Deleted:** have
**Deleted:** them
**Deleted:** s
**Deleted:** s
**Deleted:** they
**Deleted:** s
**Deleted:** s
**Deleted:** s
**Deleted:** s
**Deleted:** s

13. As a result of Plaintiff's efforts, the quality of the Kevin Vigil Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Kevin Vigil Work and associate it exclusively with Plaintiff.

14. Plaintiff has made efforts to protect Plaintiff's interests in and to the Kevin Vigil Work. No one other than Plaintiff and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Kevin Vigil Work without the express written permission of Plaintiff.

**THE DEFENDANT AND THE DEFENDANT'S UNLAWFUL CONDUCT**

15. Defendant is an individual and/or business entity who, upon information and belief, resides in the People's Republic of China or another foreign jurisdiction. Defendant conducts business throughout the United States, including within Illinois and in this judicial district, through the operation of the online marketplace operating under the Defendant Internet Store. Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell illegal Kevin Vigil Products to consumers within the United States, including Illinois and in this judicial district.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

16. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Amended Complaint.

17. The Kevin Vigil Work is an original work and is copyrightable subject matter under 17 U.S.C. § 101 et seq.

Deleted: s
Deleted: them
Deleted: s
Deleted: s
Deleted: S
Deleted: '
Deleted: s
Deleted: are
Deleted: s
Deleted: ies
Formatted: Dark List - Accent 51, Justified, Indent: Left: 0", First line: 0.5", Line spacing: Double, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Indent at: 0.5"
Deleted: s
Deleted: s
Deleted: fully interactive commercial websites and
Deleted: s
Deleted: s
Deleted: Each
Deleted: ¶
Formatted: Font: Bold
Deleted: s
Deleted: are
Deleted: s
Deleted: are

18. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, including but not limited to the Kevin Vigil Work, including derivative works. The Kevin Vigil Work is the subject of a valid Copyright Registration Certificate issued by the Register of Copyrights. (**Exhibit 1**).

**Deleted:** s

**Deleted:** s

**Deleted:** s

**Deleted:** are

**Deleted:** s

19. Defendant had access to the Kevin Vigil Work via the internet, where the design appears on Plaintiff's authorized websites.

20. Defendant's unauthorized products either reproduce the Kevin Vigil Work or are derived from the Kevin Vigil Work:

| **Plaintiff's Kevin Vigil Work** | **Defendant's Infringing Product** |
| --- | --- |
|  |  |

**Formatted:** Indent: Left: 0.5", No bullets or numbering

21. Defendant, without the permission or consent of Plaintiff, has sold and continues to sell online pirated derivative works of the copyrighted Kevin Vigil Work through online marketplace listing. Upon information and belief, Defendant's unauthorized listing at issue in this case is accessible and has been accessed by Illinois residents. Defendant has violated Plaintiff's exclusive rights of reproduction, distribution, and public display under the Copyright Act. 17 U.S.C. §§ 106(1), (2), (3), (5). Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. § 101 et seq.

**Deleted:** Each

**Deleted:** s

**Deleted:** s

**Deleted:** each

**Deleted:** s

**Deleted:** are

**Deleted:** ve

**Deleted:** Each

**Deleted:** Each

22. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

23. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyright and ordering that Defendant destroy all unauthorized copies.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

a. Using the Kevin Vigil Work or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Kevin Vigil Product or is not authorized by Plaintiff to be sold in connection with the Kevin Vigil Work;

b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Kevin Vigil Work;

c. further infringing the Kevin Vigil Work and damaging Plaintiff's goodwill;

d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory

Deleted: each
Deleted: each
Deleted: each
Deleted: s
Deleted: each
Deleted: s
Deleted: s
Deleted: their
Deleted: them
Deleted: s
Deleted: s
Deleted: s
Deleted: s

not authorized by Plaintiff to be sold or offered for sale, and which directly use the Kevin Vigil Work, and which are derived from Plaintiff's copyright in the Kevin Vigil Work; and

Deleted: s
Deleted: s
Deleted: s

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyright in the Kevin Vigil Work;

Deleted: s
Deleted: s
Deleted: s

2) For Judgment in favor of Plaintiff against Defendant that it has: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Amended Complaint;

Deleted: s
Deleted: they
Deleted: ve
Deleted: s
Deleted: '

3) For Judgment in favor of Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

Deleted: s

4) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

5) Award any and all other relief that this Court deems just and proper.

DATED: October 19, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

| Page 1: [1] Deleted | Author |
| --- | --- |

| Page 2: [2] Deleted | Author |
| --- | --- |

| Page 2: [3] Deleted | Author |
| --- | --- |

1.

| Page 2: [4] Deleted | Author |
| --- | --- |

2.